IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RONY NOEL RAMIREZ ESPINAL<br>11 Hopewell Rd., Apartment E<br>Williamsport, MD 21795<br><br>PLAINTIFF,<br><br>v.<br><br>DOLCE CABANA, INC. d/b/a<br>DOLCE PIZZA<br>*Attn: Iuliana Manea*<br>792 Frederick, Street<br>Hagerstown, MD 21742<br><br>And<br><br>IULIANA MANEA<br>17818 Burnside Avenue<br>Hagerstown, MD 21740<br><br>DEFENDANTS. | Case No.: 17-1770 |

## COMPLAINT

Plaintiff Rony Noel Ramirez Espinal ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants Dolce Cabana, Inc. d/b/a Dolce Pizza ("Dolce Pizza") and Iuliana Manea ("Manea", collectively "Defendants") to recover damages under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), Maryland Wage and Hour Law, MD. CODE ANN., LABOR & EMPLOY. §§ 3-401, *et seq.*, ("MWHL") and the Maryland Wage Payment and Collection Law, MD. CODE ANN., LABOR & EMPLOY. §§ 3-501, *et seq.* ("MWPCL"), as set forth below.

## PARTIES AND JURISDICTION

1. Rony Noel Ramirez Espinal is an adult resident of the State of Maryland. By participating as a named plaintiff in this action, he consents to prosecute his claim against Defendants under the FLSA, the MWHL, and the MWPCL.

2. Dolce Pizza is a corporation formed under the laws of the State of Maryland with its principal office in Washington County, Maryland.

3. Dolce Pizza is an Italian restaurant operating in the State of Maryland.

4. Menea continuously owned and operated Dolce Pizza for the duration of Plaintiff's employment with Defendants.

5. At all times during Plaintiff's employment, Defendants' company provided services that otherwise traveled outside of the State of Maryland and the United States. Thus, Defendants were an enterprise engaged in commerce or the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA.

6. Defendants' gross revenue exceeded $500,000.00 each year during Plaintiff's employment. Therefore, Dolce Pizza qualifies as an "enterprise" within the meaning of § 3(r) of the FLSA.

7. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, provided a service that was for commerce. Thus, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce under §§ 206-207 of the FLSA.

## FACTS

8. Menea continuously owned and operated Dolce Pizza as a company in the State of Maryland at all relevant times during Plaintiff's employment.

9. At all times during Plaintiff's employment, Defendants were Plaintiff's "employers" for purposes of the MWHL, the MWPCL, and the FLSA.

   a. Throughout Plaintiff's employment, Menea had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

   b. Throughout Plaintiff's employment, Menea had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality.

   c. Throughout Plaintiff's employment, Menea set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule.

   d. Throughout Plaintiff's employment, Menea set and determined or had the power to set and determine Plaintiff's rate and method of pay.

   e. Throughout Plaintiff's employment, Menea controlled, and were in charge of, the day-to-day operations of Dolce Pizza.

10. Rony Noel Ramirez Espinal worked for Defendants from roughly December 2014 until roughly February 2017.

11. Plaintiff Rony Noel Ramirez Espinal typically and customarily worked roughly fifty-five (55) hours per week. Defendants had knowledge that Rony Noel Ramirez Espinal typically worked fifty-five (55) hours per week. Alternatively, Defendants suffered or permitted Rony Noel Ramirez Espinal to work fifty-five (55) hours per week.

12. Defendants paid Rony Noel Ramirez Espinal between $500.00 and $600.00 per week, regardless of the number of hours he worked. Defendants did not pay Plaintiff one-and-one-half times (1.5x) his "regular rate" for his overtime hours.

13. Plaintiff did not perform work that meets the definition of "exempt work" under the MWHL, the MWPCL, or the FLSA, and Plaintiff did not fall outside the scope of the overtime pay requirement.

14. Defendants' failure to pay Plaintiff overtime pay, as required by the FLSA, the MWHL and the MWPCL, was willful and intentional and not the result of any *bona fide* dispute.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

15. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

16. The FLSA mandates that employers must pay non-exempt employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

17. At all times, Plaintiff was Defendants' "employee" pursuant to § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" pursuant to § 207(a)(2) of the FLSA.

18. Defendants, as Plaintiff's "employers," were obligated to compensate Plaintiff at his overtime rate for all overtime hours Plaintiff worked in a workweek. Plaintiff did not perform work that would render him exempt from overtime pay.

19. As set forth above, Defendants had knowledge that Rony Noel Ramirez Espinal worked approximately fifty-five (55) hours each week of his employment. Alternatively, Defendants suffered or permitted Plaintiff to work approximately fifty-five (55) hours each week.

20. As set forth above, Defendants failed and refused to pay Plaintiff at his overtime rate for the overtime hours he worked.

21. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and were not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in such amounts as will be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### (Violation of Maryland Wage and Hour Law)
### (Overtime)

22. Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

23. Plaintiff was "employee" and Defendants were "employers" within the meaning of the MWHL. As Plaintiff's "employers," Defendants were obligated to pay Plaintiff overtime compensation under § 3-415 and § 3-420 of the MWHL. These sections require Defendants to compensate Plaintiff at the rate of one-and-one-half times (1.5x) his regular hourly rate ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

24. As set forth above, Defendants paid Plaintiff his hourly rate regardless of the number of hours worked.

25. As set forth above, Defendants had knowledge that Rony Noel Ramirez Espinal worked roughly fifty-five (55) hours per week. Alternatively, Defendants suffered or permitted Plaintiff to work roughly fifty-five (55) hours per week.

26. Defendants, as Plaintiff's "employers," were obligated to compensate Plaintiff at his overtime rate for all the overtime hours Plaintiff worked in each week.

27. As discussed *supra*, Defendants had actual or constructive knowledge of all hours Plaintiff worked, including overtime hours. Nevertheless, Defendants willingly and knowingly paid Plaintiff his straight time rate for overtime hours instead of the overtime rate as required under the MWHL.

WHEREFORE, Defendants are liable to Plaintiff under Count II for all unpaid wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Maryland Wage Payment and Collection Law
### (Unpaid Wages)

28. Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

29. Plaintiff was Defendants' "employee" pursuant to § 3-501 and § 3-502 of the MWPCL.

30. Defendants were Plaintiff's "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

31. As Plaintiff's "employers," Defendants were obligated to pay Plaintiff all wages due for the work performed, including his overtime wages.

32. As detailed above, Defendants withheld and ultimately failed to pay Rony Noel Ramirez Espinal his overtime rate for the hours he worked over forty (40) every week.

33. Defendants' failure and refusal to pay all the overtime wages due to Plaintiff was not the result of any *bona fide* dispute.

WHEREFORE, Defendants are liable to Plaintiff under Count III for three times (3x) the amount of all unpaid wages that Defendants failed to pay Plaintiff, for attorney's fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay Plaintiff what was legally owed to him, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems proper.

Respectfully submitted,

Michael K. Amster
Bar Number: 18339
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave. Suite 400
Silver Spring, MD 20910
(301) 587-9373 (ph)
(240) 428-9142 (fax)
mamster@zagfirm.com

*Counsel for Plaintiff*